# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:19-cv-23 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| WILLIAM J RIFFE, *et al.*, | : | |
| Defendants. | : | |

### ORDER RESOLVING DEFENDANTS' MOTION TO DISSOLVE
### STATE COURT ISSUED TEMPORARY RESTRAINING ORDER (Doc. 5)

This civil action is before the Court on the joint motion of Defendants William Riffe; Hustle Logistics, LLC; Del Mar Packing, LLC; Del Mar Farms; and Del Mar Farms Partners, LTD, a California Limited Partnership (collectively, "Defendants") to dissolve the temporary restraining order issued by the Clermont County Court of Common Pleas (Doc. 5) and the parties' responsive memoranda. (Docs. 6, 7).

## I. BACKGROUND

This action was filed by Plaintiff Total Quality Logistics, LLC ("TQL" or "Plaintiff") in Clermont County Court of Common Pleas on Friday, December 14, 2018 at 3:40 p.m. (Doc. 1-1 at PAGEID # 8). Plaintiff filed a motion for temporary restraining order ("TRO") two minutes later. (*Id.* at # 39).

The motion for TRO stated that "TQL would suffer irreparable harm in the time it would take to grant Riffe, Del Mar, and Hustle an opportunity to be heard" because "Riffe has already breached the [non-compete agreement], Del Mar and Hustle have

already misappropriated TQL's trade secrets, and there is no indication that any of them will cease doing so in absence of an injunction." (*Id.* at # 64). Accompanying the motion for TRO, Plaintiff's counsel included a "Certification of Counsel" stating that "on December 14, 2018, I will e-mail a copy of all pleadings filed on that date to the last known e-mail addresses for [Defendants]. In addition, Plaintiff's counsel is sending a copy of all pleadings by overnight mail to the last known addresses of all known Defendants, which are identified in the caption of the Verified Complaint." (*Id.*)

Counsel for Plaintiff emailed the verified complaint and motion for temporary restraining order to Defendants that same day, December 14, 2018, at 5:55 p.m. Before this email, Plaintiff and Defendants had no communication regarding the allegations in the verified complaint and the motion for TRO. (Doc. 5-1 at ¶ 21; Doc. 5-2 at ¶ 14).

On December 17, 2018 at 4:17 p.m., one business day after Plaintiff filed the motion for TRO, the state court granted the ex parte motion for TRO. (Doc. 1-1 at # 128). There was no state court hearing on the motion for TRO. (Doc. 5-3). Counsel for Plaintiff emailed Defendants the signed ex parte TRO on Tuesday, December 18, 2018. The state court set a hearing on Plaintiff's motion for preliminary injunction for January 2, 2019. (Doc. 1-1 at # 130).

On December 28, 2018, the parties entered an agreed order rescheduling the hearing on Plaintiff's motion for preliminary injunction to January 16, 2019. In that order, the parties agreed to extend the TRO "until such time as the hearing takes place or as otherwise agreed by the Parties." (*Id.* at # 144). Defendants removed this action to this Court on January 8, 2019.

2

## II. ANALYSIS

Defendants request that the Court dissolve the ex parte TRO because they argue that the issuance of the TRO did not comply with Fed. R. Civ. P. 65 and Plaintiff's original request for a temporary restraining order failed to satisfy the four-factor test for injunctive relief. (Doc. 5 at 2).

"Actions that are removed from state court to federal court are to proceed as if they had been commenced in federal court." *Sturgill v. Chema Nord Delekkemi Nobel Indus.*, 687 F. Supp. 351, 354 (S.D. Ohio 1988) (citing *Freeman v. Bee Machine Co.,* 319 U.S. 448 (1943)). "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "After removal, the federal court 'takes the case up where the State court left it off.'" *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 436 (1974) (citing *Duncan v. Gegan*, 101 U.S. 810, 812 (1880)). "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Id.* at 437.

Rule 65 of the Federal Rules of Civil Procedure, which governs motions for temporary restraining orders, provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>> (B) the movant's attorney certifies in writing any efforts made to
>> give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed ... by Rule 65[ ] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438–39.

Rule 65(b)(1) only governs temporary restraining orders issued without notice. Notice must be "reasonable." This Court has found that reasonable notice "consists of information received within a reasonable time to permit an opportunity to be heard." *Abraham v. Jones*, 2016 WL 3855204, at *4 n.15 (S.D. Ohio July 15, 2016) (citing *Granny Goose Foods*, 415 U.S. at 439).

The parties dispute whether Defendants were provided with reasonable notice regarding the state court motion for TRO. Defendants contend that they did not receive the information related to the motion for TRO within a reasonable time to permit an opportunity to be heard because Plaintiff's counsel emailed the motion for TRO on a Friday afternoon and the state court issued the TRO without a hearing one business day later. (Doc. 5 at 4–5). Plaintiff contends that TQL provided reasonable notice of the motion for TRO to Defendants because Plaintiff's counsel emailed the Defendants shortly after filing the motion, giving Defendants the weekend to contact Plaintiff and coordinate a hearing with the state court. (Doc. 6 at 5–7).

"[C]ourts have not hesitated to dissolve a preliminary injunction issued without sufficient notice or opportunity to contest issues of fact or of law." *Amelkin v. McClure*, 74 F.3d 1240, 1996 WL 8112, at *5 (6th Cir. 1996). The Fifth Circuit has found an order invalid where formal notice of the hearing was received two business days prior to the hearing. *Parker v. Ryan,* 960 F.2d 543, 545 (5th Cir. 1992). Moreover, a district court has found that an email to a defendant informing them of plaintiff's intent to file a motion for a TRO does not constitute reasonable notice. *Creativision, Inc. v. Martinelli*, 2016 WL 9345208, at *1–2 (S.D. Iowa July 26, 2016). Here, the Court finds that an email one business day before the issuance of an ex parte TRO does not constitute reasonable notice to provide Defendants with a reasonable time to permit an opportunity to be heard.

Because the Court finds that Defendants did not receive reasonable notice, the requirements of Rule 65(b)(1) apply to Plaintiff's motion for TRO. Yet the Court need not review the merits of Plaintiff's motion for TRO because the Court finds that the TRO issued by the state court is no longer in effect.

In *Granny Goose Foods*, the Supreme Court noted that the length of ex parte restraining orders should be restricted and provided the following rule for the duration of a state issued ex parte TRO where a case is subsequently removed to federal court:

> An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.

*Granny Goose Foods*, 415 U.S. at 439–40.

In this case, the state court TRO was issued on December 17, 2018. While the parties dispute whether their agreement to extend the TRO is still in effect, that agreed order (Doc. 1-1 at # 144) has no effect on the Court's finding that the TRO has expired. Pursuant to Rule 65(b), temporary restraining orders expire by their own terms within fourteen (14) days of their issuance. This case was removed to federal court on January 8, 2019. Therefore, applying the 14-day limitation of Rule 65(b) from the date of removal, the temporary restraining order expired on January 22, 2019. Accordingly, the Court finds that Defendants' motion to dissolve the TRO is moot because the TRO has already expired.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dissolve state court issued temporary restraining order (Doc. 5) is **DENIED as moot**. Pursuant to the Court's January 10, 2019 notation order, the parties shall promptly and jointly provide the Court with a proposed briefing schedule for the pending preliminary injunction motion (Doc. 3) via email to Chambers (Black_Chambers@ohsd.uscourts.gov).

**IT IS SO ORDERED**.

Date:   1/28/19

Timothy S. Black
United States District Judge