**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:19-cv-23 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| WILLIAM J. RIFFE, *et al.*, | : | |
| Defendant. | : | |

**ORDER GRANTING THE PARTIES'
UNOPPOSED MOTIONS FOR LEAVE TO FILE UNDER SEAL (Docs. 59, 60)**

This civil action is before the Court on the parties' unopposed motions for leave to file under seal. (Docs. 59, 60).

### I. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a

mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists

2

even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

The parties seek to file documents associated with their summary judgment motions (Docs. 61, 63) under seal because they contain confidential and proprietary information. On September 21, 2020, this Court temporarily granted the parties leave to file the documents at issue under seal, and ordered the parties to file redacted versions of the documents at issue on the public docket. (September 21, 2020 Notation Order).

Plaintiff seeks to file telephone records, objections and responses to interrogatories, spreadsheets containing customer data, and certain affidavits under seal. (Doc. 60 at 3–4). Defendants seek to file their memorandum of law supporting the

motion for summary judgment, their statement of proposed undisputed facts, and certain affidavits under seal. (Doc. 59 at 2).

The parties contend that these documents should remain under seal because they contain personal bank account information, customer names, financial information, and other confidential and proprietary information. (Docs. 60 at 1, 59 at 1). Importantly, the parties have filed redacted versions of the documents at issue on the public docket. (Docs. 67, 68).

After a careful review of the documents at issue, the Court concludes that the motions to seal (Docs. 59, 60) should be granted.

First, there is a compelling reason for non-disclosure. The documents the parties seek to file under seal contain confidential and proprietary business information. This Court has repeatedly "recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (citing *The Procter & Gamble Co. v. Ranir, LLC*, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (defining "Confidential Information" as, at a minimum, including "non-public information" that contains "confidential trade secret, technical, business, financial, or personal information")). Here, filing under seal is justified because the documents at issue contain confidential business information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties in this action.

Second, there will be little harm to the public interest. The Court agrees with the

parties that the public has little interest in the customer information to which the parties seek to restrict access. Requiring disclosure of the confidential information contained in the documents at issue would not benefit the public interest.

Finally, the seal is narrowly tailored. The parties do not seek to seal the contents of the documents at issue completely. The parties have already filed redacted versions of the documents on the public docket, such that the public can view their non-confidential portions in their entirety. Thus, the seal is no broader than necessary to address the compelling reason for non-disclosure. *See Procter & Gamble*, 2017 WL 3537195, at *3 (allowing a party to redact "confidential agreements, pricing strategy, and marketing strategy").

## IV. CONCLUSION

Based upon the foregoing, the parties' unopposed motions for leave to file under seal (Docs. 59, 60) are **GRANTED**. All confidential documents identified in the parties' motions to file shall remain under seal.

**IT IS SO ORDERED.**

Date: 9/30/2020

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

5